FILED
SUPERIOR COURT
OF GUAM

2020 OCT -9 PM 1:37

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

ANTHONY PAUL MENDIOLA,

                Petitioner,

   vs.

JOSEPH S. CARBULLIDO, **Acting Director,**
**Department of Corrections,**
**Government of Guam,**
                Respondent.

**SPECIAL PROCEEDINGS CASE NO.:**
**SP0039-18**

**DECISION AND ORDER**
Re: Petition for Writ of Habeas Corpus

## INTRODUCTION

This matter came before the Honorable Judge Anita A. Sukola on September 30, 2020, for a hearing on Petitioner Anthony Paul Mendiola's Petition for Writ of Habeas Corpus. Petitioner, Anthony Paul Mendiola ("Mendiola"), is represented by Attorney Terry E. Timblin, Esq. The Respondent, Joseph S. Carbullido ("Carbullido"), is represented by Assistant Attorney General Marrianne Woloschuk. After having considered the Parties' written submissions, the arguments of counsel, and the applicable law, the Court **DENIES** Petitioner's Writ of Habeas Corpus.

## BACKGROUND

A Grand Jury indicted Petitioner Mendiola on May 7, 2013, imposing charges of, (1) Guilt by Complicity to Commit Attempted Murder (As a First Degree Felony), (2) First Degree Robbery (As a First Degree Felony), (3) Aggravated Assault (As a Second Degree Felony) and, (4) Burglary (As a Second Degree Felony). These charges stemmed from a home invasion on Nimitz Hill in April 2013. (Opp'n to Writ of Habeas Corpus, Ex.

SP0039-18, Mendiola v. Carbullido
Decision and Order (Writ of Habeas Corpus).

Page **1** of **6**

1, July 30, 2020). Mendiola had his case severed from his co-defendants, and a jury trial began on November 18, 2013.

The People filed an amended indictment January 17, 2014, wherein Petitioner was charged with, (1) Second Degree Robbery (As a Second Degree Felony), (2) Third Degree Robbery (As a Third Degree Felony), (3) Assault (As a Misdemeanor), (4) Burglary (As a Second Degree Felony) and, (5) Theft (As a Misdemeanor). (Opp'n, Ex. 2, July, 2020). On January 22, 2014 the jury convicted Mendiola of, (1) Second Degree Robbery (As a Second Degree Felony), (2) Assault (As a Misdemeanor), and (3) Burglary (As a Second Degree Felony). (Opp'n, Ex. 3, July, 2020).

The trial court sentenced Mendiola to ten (10) years for the second degree robbery conviction, one (1) year for the assault conviction, and (10) years for the burglary conviction, all to run consecutively, totaling twenty one (21) years of imprisonment. *Id.* On March 19, 2018, Petitioner filed a petition for writ of habeas corpus. (Writ of Habeas Corpus, March 19, 2018). Petitioner argues that the second amended indictment, filed on January 17, 2014, was unlawful as it introduced new charges without a grand jury determination. (Amended Mem. P. & A., February 12, 2020). Specifically, he argues that the amended indictment unlawfully changed one charge, from Aggravated Assault (As a Second Degree Felony), to Assault (As a Misdemeanor), and he was represented by ineffective counsel because they did not object to the unlawful amendment. (Amended Mem. P. & A., Feb. 2020).

## DISCUSSION

Title 8 of the Guam Code Annotated, Section 135.10 sets the standard for habeas corpus relief on Guam. A petitioner for a writ of habeas corpus is entitled to such relief if he can establish that he was unlawfully imprisoned or restrained of liberty. See 8 GCA § 135.10. Mendiola argues that he was unlawfully imprisoned when he was convicted of an invalid Assault (As a Misdemeanor) charge, which was rendered fatally defective because it did not pass through a grand jury, and he was represented by ineffective counsel because they did not object to the unlawful amendment or raise the issue on appeal. (Amended Mem. P. & A., Feb. 2020). Therefore, Mendiola argues, he is entitled to habeas corpus

relief.

### i. The Amended Indictment Included a Different Offense that Did Not Pass Through a Grand Jury

Under Guam law, an indictment can be amended without a grand jury if "no additional [or] different offense is charged and substantial rights of the defendant are not prejudiced." 8 GCA § 55.20. See also 42 C.J.S., *Indictments* § 259 (2013) ("[A]dding an offense, is impermissible and must be resubmitted to the grand jury"). "Generally, only the grand jury, not the court or the prosecutor, can materially amend a criminal indictment." *Guam v. San Nicolas*, 2013 Guam 21 ¶ 16 (*quoting* 42 C.J.S., *Indictments* § 259). A different offense, as contemplated in 8 GCA § 55.20, does not encompass a lesser included offense. Title 8, Guam Annotated Code, Section 105.58 provides, "the jury . . . . may find the defendant guilty of any offense, the commission of which is included in that with which he is charged." 8 GCA § 105.58(a). Lesser included offenses are those with "proof of the same or less than all the facts required to establish the commission of the offense charged . . . . [or] it consists of an attempt or solicitation to commit the offense charged . . . . [or] it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person . . . . suffices to establish its commission" 8 GCA § 105.58(b).

Petitioner Mendiola argues that the change of charges from Aggravated Assault (As a Second Degree Felony) to Assault (As a Misdemeanor) constitutes adding a new offense, and thus must be amended through the grand jury. This Court agrees. The original indictment categorized Petitioner Mendiola's conduct during the incident as "recklessly cause[d] or attempt[ed] to cause serious bodily injury to another . . . . in circumstances manifesting extreme indifference to the value of human life, in violation of 9 GCA §§ 19.20(a)(1) and (b) and 4.60." (Mem. P. & A., Ex. 1, July 30, 2020). Aggravated Assault as a Second Degree Felony, reads, in part, as follows:

> **§ 19.20. Aggravated Assault; Defined & Punished.**
> (a) A person is guilty of aggravated assault if he either recklessly or attempts to cause:
> > (1) serious bodily injury to another in circumstances manifesting extreme indifference to the value of human life;
> > (2) serious bodily injury to another;
> > (3) bodily injury to another with a deadly weapon.

SP0039-18, Mendiola v. Carbullido
Decision and Order (Writ of Habeas Corpus).

Page **3** of **6**

9 GCA § 19.20(a).

Mendiola was charged in the original indictment under § 19.20(a)(1). In the amended indictment, filed January 17, 2014, Mendiola was charged under Title 9, Guam Code Annotated, Section 19.30, which reads, in part:

**§ 19.30. Assault; Defined & Punished.**
(a) A person is guilty of assault if he:
      (1) either recklessly causes or attempts to cause bodily injury to another;
      (2) recklessly uses a deadly weapon in such a manner as to place another in danger of bodily injury; or
      (3) by physical menace intentionally puts or attempts to put another in fear of imminent bodily injury.

9 GCA § 19.30(a).

Mendiola was charged in the amended indictment under § 19.30(a)(1). The original indictment charged Mendiola with "recklessly or attempts to cause *serious* bodily injury." (Mem. P. & A., Ex. 1, July, 2020); 9 GCA § 19.20(a)(1) (emphasis added*).* The second indictment charged him with, "either recklessly causes or attempts to cause bodily injury" (Mem. P. & A., Ex. 1, July, 2020); 9 GCA § 19.30(a)(1). This clearly constitutes a lesser included offense under Title 8, Guam Code Annotated, Section 150.58(b), because it only differs "in respect that a less serious injury or risk of injury to the same person . . . . suffices to establish its commission" 8 GCA § 105.58(b). The charge, as originally written in the amended indictment, would not constitute a different offense and therefore could have been amended without a grand jury.

However a handwritten amendment on the amended indictment as it was presented to the jury read, "with the intent of promoting or assisting an assault did aid or induce [co-defendant] in intentionally putting or attempting to put [victim] in fear of bodily injury by physical menace." (Amended Mem. at 6, Feb. 2020); (see also Mem. P. & A., Ex. 2, July, 2020). This amendment clearly puts the charged crime under the ambit of §19.30(a)(3) and not §19.30(a)(1). The "aid or induce" language in the handwritten amendment, would constitute a lesser included offense, as it is "an attempt or solicitation" as contemplated by

SP0039-18, Mendiola v. Carbullido
Decision and Order (Writ of Habeas Corpus).

Page **4** of **6**

Title 9, Section 105.58(b)(2). However, the use of "in fear of bodily injury by physical menace, does amount to a different crime, because it contains elements that the other does not. Therefore, the amendment of the indictment was an "additional [or] different offense." 8 GCA § 55.20.

### ii. Petitioner Was Not Prejudiced by the Amended Indictment

The analysis does not conclude with a finding that the indictment was a different offense. The statute also requires, for an allowance of an amendment of an indictment without a grand jury that the, "substantial rights of the defendant are not prejudiced." 8 GCA § 55.20. Mendiola argues that Section 55.20 is in the conjunctive and thus he need not show that prejudice existed, because the inclusion of a different offense is conclusive.

Section 55.20 is the same as Federal Rule 7(e) except for the conjunctive "and" is replaced by the alternative "or." Compare 9 GCA § 55.20; Fed. R. Crim. P. Rule 7(e). Petitioner correctly argues that Federal authorities interpreting Rule 7(e) are not binding on this court, however, they are persuasive. See People v. Diaz, 2007 Guam 3 ¶ 14 n.4. Further, Mendiola has raised this issue for the first time in a collateral attack for habeas corpus relief as a claim for ineffective assistance of counsel.

Further, section 55.20 applies to direct proceedings. See People v. Torres, 2014 Guam 8 ¶ 53. See also People v. Riocne, 2012 Guam 5 ¶ 7; People v. Diaz, 2007 Guam 3 ¶ 15. Courts have held that when considering habeas corpus petitions, "[e]rrors turing on the sufficiency of or amendments to an indictment are not reviewable in federal habeas corpus unless the indictment is constitutionally defective." Boothe v. Wyrick, 452 F. Supp. 1304, 1310 (W.D. Mo. 1978) (citing Scalf v. Bennett, 408 F.2d 325 (8th Cir. 1970)). "Habeas corpus can only be invoked with respect to indictments which are so fatally defective that under no circumstances could a valid conviction result." Johnson v. Beto, 383 F.2d 197, 198 (5th Cir. 1967). The claim of insufficiency of an indictment must be preserved at trial and cannot be raised for the first time on a collateral attack. Mendiola, therefore, cannot attack the form of the indictment and must rely on a claim for ineffective assistance of counsel.

A collateral attack for ineffective assistance of counsel must meet a two-prong test.

*People v. Meseral*, 2014 Guam 13 ¶ 45 (*citing Strickland v. Washington* 668, 686 (1984)). "The first prong requires that a defendant demonstrate that his trial counsel's performance was deficient, and the second prong requires that a defendant must prove the deficient performance prejudiced his defense." *Angoca v. Bitanga*, 2001 Guam 17 ¶ 8. Defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Further, the Defendant must show, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, 466 U.S. at 687. "Counsel is not required to put forth every conceivable argument 'regardless of merit.'" *Angoca*, 2001 Guam 17 ¶ 9 (*quoting Evitts v. Lucey*, 469 U.S. 387, 394 (1985)).

Here, it is clear that counsel was deficient. The issue of the indictment amendments was not raised at trial or on appeal. *San Nicolas* was decided before the amended indictment was created and counsel should have been aware of its effect on the underlying criminal case before us. Thus, the first prong of the *Strickland* test is satisfied. However, the Defendant has offered no evidence to prove prejudice. "Actual ineffectiveness claims alleging a deficiency in attorney performance are subject to the general requirement that the defendant affirmatively prove prejudice." *Strickland*, 466 U.S. 668 at 693. Defendant has not carried that burden. Therefore, the second prong of the *Strickland* test fails, and the Petition for Writ of Habeas Corpus must be denied.

## CONCLUSION

Based on the foregoing, Petitioner Mendiola's Petition for Writ of Habeas Corpus is **DENIED**.

**SO ORDERED** this ___10/9/2020___.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

SP0039-18, Mendiola v. Carbullido
Decision and Order (Writ of Habeas Corpus).

Page 6 of 6